KELLEY DRYE & WARREN LLP
William R. Golden, Jr.
Michelle M. Graham
Matthew D. Marcotte
101 Park Avenue
New York, New York 10178
(212) 808-7800
Attorneys for Plaintiff

**08 CIV 5216**

**ECF CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AVON PRODUCTS, INC.,

Plaintiff,

v.

ADRIENNE DENESE, M.D., ADRIENNE
DENESE, M.D., P.C., SKINSCIENCE
MEDI SPA AT LGNY, INC., and
SKINSCIENCE LABS, INC.,

Defendants.

Civil Action No.

**COMPLAINT**



Plaintiff, AVON PRODUCTS, INC., as and for its Complaint against the above-named

defendants, through its undersigned attorneys, Kelley Drye & Warren LLP, alleges, upon

knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## PARTIES

1.      Plaintiff AVON PRODUCTS, INC. ("Avon") is a corporation organized and

existing under the laws of the State of New York with its principal place of business located at

1251 Avenue of the Americas, New York, New York 10020.

2.      Upon information and belief, defendant ADRIENNE DENESE, M.D., ("Dr.

Denese") is an individual residing at 65 Sherwood Avenue, Englewood Cliffs, New Jersey

07632-1723.

3.      Upon information and belief, defendant ADRIENNE DENESE, M.D., P.C.,

("ADPC") is a corporation organized and existing under the laws of the State of New York with

its principal place of business located at 65 Sherwood Avenue, Englewood Cliffs, NJ 07632.

4.      Upon information and belief, defendant SKINSCIENCE MEDISPA AT LGNY,

INC. ("Skinscience Medispa") is a corporation organized and existing under the laws of the State

of New York with its principal place of business located at 12-A East 72nd Street, New York,

New York 10021.

5.      Upon information and belief, defendant SKINSCIENCE LABS, INC.

("Skinscience Labs") is a corporation organized and existing under the laws of the State of New

York with its principal place of business located at 330 West 58th Street, #211, New York, New

York 10019.

## JURISDICTION AND VENUE

6.      This is an action for: (i) infringement of federally registered trademarks in

violation of Section 32(1) of the Trademark Act of 1946 (15 U.S.C. § 1051, *et seq.*, as amended

(the "Lanham Act")), 15 U.S.C. § 1114(1); (ii) unfair competition, trademark infringement, and

passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) violations

of New York General Business Law §§ 349 and 360-l; and (iv) substantial and related claims of

trademark infringement and unfair competition under the common law of the State of New York.

7.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121,

28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and (b), as it involves substantial claims arising under

the Lanham Act, and also has supplemental jurisdiction under 28 U.S.C. § 1367 over the

substantial and related claims for common law trademark infringement and unfair competition.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) as defendants may be found or transact affairs in this District, and the claims alleged arose and the facts on which the claims are based are continuing to occur within this District and elsewhere.

## BACKGROUND

### Avon's Business

9.      Since 1886, Avon and its predecessor have been engaged in the sale of cosmetics, fragrances, toiletries, and related beauty and wellness products and, for many years, have, among other things, been engaged in distributorship and direct sales services, door-to-door retail merchandising, telephone shop at home services, mail order catalog sales, and interactive internet sales, all in the fields of beauty care, salon and spa services, personal care products, toiletries, cosmetics, housewares, clothing, jewelry, gift items, collectibles, toys, pre-recorded videos, audio tapes, and compact discs throughout the United States and the rest of the world.

10.      Since long prior to the acts of defendants complained of herein, Avon has earned a reputation as one of the world's most reputable producers and distributors of cosmetics, fragrances, toiletries, jewelry, clothing, and related beauty and wellness products. Avon is renowned both for the quality of its products and its unparalleled customer service.

11.      Among the most popular of Avon's products are those in its SKIN-SO-SOFT product line. Since at least as early as 1962, and long prior to the acts of defendants complained of herein, Avon adopted and used, and has continued to use, the trademark SKIN-SO-SOFT on skin care preparations and related goods in interstate commerce in the United States, including within this District and throughout the State of New York. Since its adoption and first use of the SKIN-SO-SOFT trademark on skin care preparations and related goods, Avon has prominently displayed the SKIN-SO-SOFT trademark on packaging, advertising, and product literature for the goods, which have been advertised, promoted, offered for sale, and sold in interstate

3

commerce in the United States, including within this District and throughout the State of New

York.

12.     Avon is the owner in the United States of all right, title, and interest in and to the

following trademarks registered with the United States Patent and Trademark Office ("PTO").

Copies of those registrations are attached hereto as Exhibits A, B, C, D, and E, respectively:

- Reg. No. 780,479 for the mark SKIN-SO-SOFT for "Bath oil" which issued in 1964;

- Reg. No. 1,748,065 for the mark SKIN-SO-SOFT for "Bath oil, hand and body lotion, talc, bath and shower gel, and bath oil towelettes" in International Class 3, which issued in 1993;

- Reg. No. 2,267,373 for the mark SKIN-SO-SOFT for "Sun tan lotions, creams, gels and sunless tanning lotions" in International Class 3, which issued in 1999;

- Reg. No. 2,318,318 for the mark SKIN-SO-SOFT for "Anti-bacterial moisturizing liquid soap, anti-bacterial deodorizing body bar soap" and "Anti-bacterial moisturizing hand gel and anti-bacterial moisturizing body wash" in International Class 3, which issued in 2000; and

- Reg. No. 2,272,317 for the mark SKIN-SO-SOFT for "Insect repellent with and without sunscreens and/or moisturizers; towelettes premoistened with insect repellent, with and without sunscreen and/or moisturizers" in International Class 3, which issued in 1999.

13.     The aforesaid registrations are valid and subsisting, unrevoked and uncancelled,

and Avon's rights to exclusive use of the designation SKIN-SO-SOFT in connection with the

goods described in Registration Nos. 780,479, 1,748,065, 2,267,373, 2,318,318, and 2,272,317

have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, by virtue of

filing the requisite affidavits under Sections 8 and 15 of the Lanham Act. Avon is the owner of

said registrations and the trademarks shown therein and all of the business and goodwill

connected with said trademarks in the United States.

14.     The aforesaid registrations have put defendants on constructive notice of Avon's

claim of ownership to the SKIN-SO-SOFT marks since at least as early as the date of their

registration with the PTO.

4

15.     Since long prior to the acts of defendants complained of herein, Avon's skin care preparations and related goods sold under the SKIN-SO-SOFT trademark have been extensively advertised, promoted, distributed, and sold in interstate commerce in the United States. Each year, Avon expends substantial sums in connection with the advertisement and promotion of its SKIN-SO-SOFT products.

16.     Since the launch of the SKIN-SO-SOFT product line in 1962, the SKIN-SO-SOFT mark has become one of the leading brands in the personal care industry and, during the period from 1962 to date, Avon's sales of SKIN-SO-SOFT products in the United States have grown consistently. Indeed, Avon sells millions of dollars of its SKIN-SO-SOFT products each year.

17.     As a result of the widespread success and popularity of SKIN-SO-SOFT products with the purchasing public, Avon's intensive advertisement and promotional efforts in support of its SKIN-SO-SOFT products, and the excellence of SKIN-SO-SOFT products, Avon has built up an invaluable reputation, goodwill, and fame in the SKIN-SO-SOFT trademark in the United States.

18.     As a result of the widespread and prolonged sales of SKIN-SO-SOFT products over the last forty-five years throughout the United States, the heavy advertising and promotion of SKIN-SO-SOFT products, and the excellence of SKIN-SO-SOFT products, the trademark SKIN-SO-SOFT has acquired substantial distinctiveness, making it one of the most valuable, distinctive, and famous marks in the personal care category.

## Defendants' Unlawful Conduct

19.     Defendant Dr. Denese is the Chief Executive Officer of defendants ADPC, Skinscience Medispa and Skinscience Labs.

5

20.    These corporations are under the direct control of Dr. Denese. Each and/or all of such corporations act as the alter ego of Dr. Denese. The acts of these corporations constitute her acts and she is complicit in and responsible for the wrongful acts of these corporations as alleged more fully below.

21.    Defendants recently began manufacturing, advertising, promoting, distributing, and selling skin care products bearing the purported mark "SKIN SO TIGHT" to consumers throughout the United States, including within this District and throughout the State of New York.

22.    On April 17, 2007, ADPC filed Application Serial No. 77/158,145 for the purported mark "SKIN SO TIGHT" for "Gel for cosmetic anti-wrinkle preparations; Wrinkle removing skin care preparations; Cosmetics; Make-up" (the " '145 Application") in the PTO. Avon thereafter became aware of that filing, and, on October 11, 2007, Avon filed a request for an extension to oppose the '145 Application in the PTO's Trademark Trial and Appeal Board ("TTAB"). A copy of Avon's Request for an Extension of Time to Oppose the '145 Application is attached hereto as Exhibit F.

23.    The October 11th request for an extension to oppose the '145 Application put defendants on actual notice of Avon's objection to their use of the designation "SKIN SO TIGHT."

24.    On February 6, 2008, Avon filed a Notice of Opposition in the TTAB in which it objected to registration of defendant ADPC's purported designation "SKIN SO TIGHT." A copy of Avon's Notice of Opposition is attached hereto as Exhibit G.

25.    On May 22, 2008, after ADPC failed to answer Avon's Notice of Opposition in the TTAB, the TTAB entered judgment by default against ADPC in the opposition and refused

6

registration to ADPC of the designation "SKIN SO TIGHT." A copy of the TTAB's May 22, 2008 Order is attached hereto as Exhibit H.

26.     The use as aforesaid by defendants of the designation "SKIN SO TIGHT" has been without Avon's consent, license, authority, or permission.

27.     Upon information and belief, defendants have so acted with knowledge that the trademark SKIN-SO-SOFT, when used on skin care products and related goods, has long identified and distinguished Avon's goods from the goods of others. The foregoing acts of defendants were and continue to be committed with the intent and for the purpose of profiting from and poaching upon the commercial magnetism of Avon's renowned SKIN-SO-SOFT mark.

28.     Upon information and belief, defendants have committed, and continue to commit, the acts herein alleged in bad faith for the purpose of misappropriating Avon's goodwill and diverting sales from Avon to defendants.

29.     Use by defendants of the designation "SKIN SO TIGHT" on and in connection with skin care products is likely to cause confusion, to cause mistake, or to deceive customers and potential customers and to cause them to believe that the goods offered by defendants are Avon's goods, or are approved by, sponsored by, or somehow affiliated or connected with Avon, all to the detriment of Avon, the trade, and the public.

## FIRST CAUSE OF ACTION

### Lanham Act – Trademark Infringement

30.     Avon incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if here fully set forth.

31.     Defendants' unauthorized and willful use of a copy, variation, reproduction, simulation, or colorable imitation of Avon's registered SKIN-SO-SOFT mark on and in connection with skin care products which are manufactured, advertised, promoted, distributed,

7

and sold in interstate commerce in the United States constitutes an infringement of Avon's

exclusive rights in its federally registered SKIN-SO-SOFT mark and such use is likely to cause

confusion or to cause mistake or to deceive.

32.     The aforesaid acts of defendants constitute infringement of a federally registered

trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33.     The aforesaid acts of defendants have caused and, unless said acts are restrained

by this Court, will continue to cause Avon to suffer irreparable injury.

34.     Avon has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Lanham Act – Unfair Competition, Trademark Infringement and Passing Off

35.     Avon incorporates herein by reference each and every allegation contained in

paragraphs 1 through 34 with the same force and effect as if here fully set forth.

36.     Use by defendants of the designation "SKIN SO TIGHT" on and in connection

with the manufacturing, advertising, promotion, offering for sale, and sale of skin care products

in interstate commerce that may be regulated by Congress is likely to mislead the trade and

prospective and actual consumers into believing wrongly that defendants' goods are approved

by, sponsored by, or are somehow affiliated or connected with Avon.

37.     Upon information and belief, defendants' acts have been and are being committed

with the purpose and intent of appropriating and trading upon Avon's goodwill and reputation

and of passing off defendants' purported "SKIN SO TIGHT" skin care products as and for

Avon's SKIN-SO-SOFT products.

38.     The aforesaid acts of defendants, namely, the adoption and use of the designation

"SKIN SO TIGHT" on and in connection with skin care products that is confusingly similar to

the SKIN-SO-SOFT mark previously adopted and used by Avon, constitute unfair competition,

8

trademark infringement, and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.     The aforesaid acts of defendants have caused and, unless said acts are restrained by this Court, will continue to cause Avon to suffer irreparable injury.

40.     Avon has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### Violations of New York General Business Law § 360-1

41.     Avon incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if here fully set forth.

42.     Defendants' activities are diluting and are likely to continue diluting Avon's distinctive trademark SKIN-SO-SOFT by blurring the distinctiveness thereof and tarnishing the quality of Avon's intellectual property. Defendants' actions also injure the business reputation of Avon, in violation of Avon's rights under New York General Business Law § 360-1.

43.     Defendants' violations of New York General Business Law § 360-1 have caused Avon to sustain monetary damage, loss, and injury, in an amount to determined at the time of trial.

44.     Defendants have engaged in and continue to engage in this activity knowingly, deliberately, and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

45.     The aforesaid acts of defendants have caused and, unless said acts are restrained by this Court, will continue to cause Avon to suffer irreparable injury.

46.     Avon has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Violation of New York General Business Law § 349

47.    Avon incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if here fully set forth.

48.    Defendants' foregoing acts constitute deceptive acts and business practices of a recurring nature and have caused, and will continue to cause, injury to the public at large, as well as Avon, in violation of New York General Business Law § 349.

49.    Defendants' violation of New York General Business Law § 349 has caused Avon to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

50.    Defendants have engaged in and continue to engage in this activity knowingly, deliberately, and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

51.    The aforesaid acts of defendants have caused and, unless said acts are restrained by this Court, will continue to cause Avon to suffer irreparable injury.

52.    Avon has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### Common Law – Trademark Infringement and Unfair Competition

53.    Avon incorporates herein by reference each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if here fully set forth.

54.    The aforesaid acts of defendants constitute trademark infringement and unfair competition in violation of Avon's rights under the common law of the State of New York.

55.    The aforesaid acts of defendants have caused and, unless said acts are restrained by this Court, will continue to cause Avon to suffer immediate and irreparable injury.

56.    Avon has no adequate remedy at law.

10

WHEREFORE, Avon prays:

1.     That defendants and their directors, officers, agents, servants, employees,

attorneys, successors, and assigns, and all persons in active concert or participation with them, or

any of them, be preliminarily and permanently enjoined and restrained from:

(a)     using the designation "SKIN SO TIGHT," alone or in combination with any other words, devices, or symbols in any commercial manner whatsoever, including, but not limited to, use as a trade name, trademark, service mark, domain name, style designation or grade mark, upon or in connection with goods or services of any kind or nature whatsoever that are advertised, offered for sale, or sold in commerce in the United States or elsewhere in the world;

(b)     using any other designation so similar to Avon's SKIN-SO-SOFT mark as a trade name, trademark, service mark, domain name, style designation, or grade mark, in connection with the advertising, offering for sale, or sale of any product or service as to be likely to cause confusion, mistake, or deception;

(c)     doing any other act or thing calculated or likely to dilute, tarnish, or otherwise diminish the distinctive quality of Avon's famous SKIN-SO-SOFT mark; and

(d)     otherwise unfairly competing with Avon by doing any other act or thing calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive purchasers into the belief that defendants' goods and services are Avon's goods and services or are approved or sponsored by Avon or that defendants or defendants' business are Avon or Avon's business or are approved by, sponsored by, or affiliated or connected with Avon, or to otherwise injure the business reputation of Avon;

2.     That defendants be ordered to deliver up to Avon for destruction all materials,

boxes, packaging, labels, tags, pamphlets, brochures, signage, sales literature, stationery,

advertisements, contracts, and any other written or printed material in its possession, custody or

control bearing the designation "SKIN SO TIGHT," or any other designation confusingly similar

to Avon's SKIN-SO-SOFT mark and that defendants be ordered to deliver up to Avon for

destruction all plates, molds, and other means of making the aforesaid products and printed

materials;

3.     That defendants be directed to file with the Court and serve upon Avon's counsel

within thirty (30) days after service of the injunction upon defendants, a report in writing, under

11

oath, setting forth in detail the manner and form in which defendants have complied with the

injunction entered herein;

4.      That defendants account to Avon for all gains, profits, and advantages realized by

defendants by reason of their acts herein alleged;

5.      That, based on the deliberate and willful acts of defendants, the award to Avon be

increased as provided for under 15 U.S.C. § 1117;

6.      That, based on the deliberate and willful acts of defendants, Avon recover its

reasonable attorneys' fees and its costs and disbursements herein; and

7.      That Avon have such further relief as this Court may deem just.

Dated: June 6, 2008                          KELLEY DRYE & WARREN LLP
       New York, New York                    Attorneys for Plaintiff Avon Products, Inc.

                                             By: _____
                                                 William R. Golden, Jr.
                                                 Michelle M. Graham
                                                 Matthew D. Marcotte
                                                 101 Park Avenue
                                                 New York, New York  10178
                                                 (212) 808-7800

Of Counsel:

John M. Bergin, Esq.
Avon Products, Inc.

## JURY DEMAND

Plaintiff Avon Products, Inc. demands trial of its claims for relief herein before a

jury.

Dated: June 6, 2008
New York, New York

KELLEY DRYE & WARREN LLP
Attorneys for Plaintiff Avon Products, Inc.

By: _William R. Golden, Jr._

William R. Golden, Jr.
Michelle M. Graham
Matthew D. Marcotte
101 Park Avenue
New York, New York 10178
(212) 808-7800

Of Counsel:

John M. Bergin, Esq.
Avon Products, Inc.

13

# EXHIBIT A

# United States Patent Office

780,479
Registered Nov. 17, 1964

## SUPPLEMENTAL REGISTER
### Trademark

Ser. No. 158,130, filed P.R. Nov. 29, 1962;
Am. S.R. Sept. 15, 1964

## SKIN-SO-SOFT

Avon Products, Inc. (New York corporation)
30 Rockefeller Plaza
New York 20, N.Y.

For: BATH OIL, in CLASS 51.
First use May 6, 1962; in commerce May 6, 1962.

# EXHIBIT B

Int. Cl.: 3

Prior U.S. Cl.: 51

**Reg. No. 1,748,065**

# United States Patent and Trademark Office   Registered Jan. 26, 1993

## TRADEMARK
## PRINCIPAL REGISTER

## SKIN-SO-SOFT

AVON PRODUCTS, INC. (NEW YORK CORPO-
RATION)
9 WEST 57TH STREET
NEW YORK, NY 10019

FOR: BATH OIL, HAND AND BODY
LOTION, TALC, BATH AND SHOWER GEL,
AND BATH OIL TOWELETTES, IN CLASS 3
(U.S. CL. 51).

FIRST USE 5-6-1962; IN COMMERCE
5-6-1962.
OWNER OF U.S. REG. NO. 780,479.
SEC. 2(F).

SER. NO. 74-286,231, FILED 6-19-1992.

JENNIFER BRUST, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,267,373

Registered Aug. 3, 1999

## TRADEMARK
## PRINCIPAL REGISTER

## SKIN-SO-SOFT

AVON PRODUCTS, INC. (NEW YORK CORPO-
RATION)
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

FOR: SUN TAN LOTIONS, CREAMS, GELS
AND SUNLESS TANNING LOTIONS, IN
CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 4-0-1994; IN COMMERCE
4-0-1994.
OWNER OF U.S. REG. NOS. 780,479 AND
1,748,065.

SER. NO. 75-543,607, FILED 8-27-1998.

MICHAEL BADAGLIACCA, EXAMINING AT-
TORNEY

# EXHIBIT D

**Int. Cls.: 3 and 5**

**Prior U.S. Cls.: 1, 4, 6, 18, 44, 46, 50, 51 and 52**

**Reg. No. 2,318,318**

**United States Patent and Trademark Office**    Registered Feb. 15, 2000

## TRADEMARK
## PRINCIPAL REGISTER

## SKIN-SO-SOFT

AVON PRODUCTS, INC. (NEW YORK CORPO-
RATION)
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

FOR: ANTI-BACTERIAL MOISTURIZING
LIQUID SOAP, ANTI-BACTERIAL DEODORIZ-
ING BODY BAR SOAP, IN CLASS 3 (U.S. CLS.
1, 4, 6, 50, 51 AND 52).
FIRST USE 7-0-1998; IN COMMERCE
7-0-1998.
FOR: ANTI-BACTERIAL MOISTURIZING
HAND GEL AND ANTI-BACTERIAL MOIS-

TURIZING BODY WASH, IN CLASS 5 (U.S.
CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 7-0-1998; IN COMMERCE
7-0-1998.

OWNER OF U.S. REG. NOS. 780,479 AND
1,748,065.

SER. NO. 75-545,043, FILED 8-27-1998.

MICHAEL BADAGLIACCA, EXAMINING AT-
TORNEY

# EXHIBIT E

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,272,317

Registered Aug. 24, 1999

## TRADEMARK
## PRINCIPAL REGISTER

## SKIN-SO-SOFT

AVON PRODUCTS, INC. (NEW YORK CORPO-
RATION)
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

FOR: INSECT REPELLENT WITH AND
WITHOUT SUNSCREENS AND/OR MOISTUR-
IZERS; TOWELETTES PREMOISTENED WITH
INSECT REPELLANT, WITH AND WITHOUT
SUNSCREEN AND/OR MOISTURIZERS, IN
CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-0-1997; IN COMMERCE
4-0-1997.

OWNER OF U.S. REG. NOS. 780,479 AND
1,748,065.

SER. NO. 75-545,042, FILED 8-27-1998.

MICHAEL BADAGLIACCA, EXAMINING AT-
TORNEY

# EXHIBIT F

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov

ESTTA Tracking number: **ESTTA168163**

Filing date: **10/11/2007**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Applicant: | **Adrienne Denese, M.D., P.C.** |
| Application Serial Number: | **77158145** |
| Application Filing Date: | **04/17/2007** |
| Mark: | **SKIN SO TIGHT** |
| Date of Publication | **10/09/2007** |

# First 90 Day Request for Extension of Time to Oppose for Good Cause

Pursuant to 37 C.F.R. Section 2.102, Avon Products, Inc., 1251 Avenue of the Americas, New York, NY 10020, UNITED STATES, a corporation organized under the laws of New York , respectfully requests that it be granted a 90-day extension of time to file a notice of opposition against the above-identified mark for cause shown .

Potential opposer believes that good causes are established for this request by:

- The potential opposer needs additional time to investigate the claim

- The potential opposer needs additional time to confer with counsel

The time within which to file a notice of opposition is set to expire on 11/08/2007. Avon Products, Inc. respectfully requests that the time period within which to file an opposition be extended until 02/06/2008.

Respectfully submitted,
/Michelle M. Graham/
10/11/2007
**Michelle M. Graham**
**Kelley Drye & Warren LLP**
**101 Park Avenue**
**New York, NY 10178**
**UNITED STATES**
**mgraham@kelleydrye.com**
**212-808-7800**

# EXHIBIT G

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA190950**

Filing date: **02/06/2008**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| Name | Avon Products, Inc. |
|---|---|
| Granted to Date of previous extension | 02/06/2008 |
| Address | 1251 Avenue of the Americas New York, NY 10020 UNITED STATES |

| Attorney information | Michelle M. Graham Kelley Drye & Warren LLP 101 Park Avenue New York, NY 10178 UNITED STATES mgraham@kelleydrye.com, mmarcotte@kelleydrye.com Phone:(212) 808-7800 |
|---|---|

## Applicant Information

| Application No | 77158145 | Publication date | 10/09/2007 |
|---|---|---|---|
| Opposition Filing Date | 02/06/2008 | Opposition Period Ends | 02/06/2008 |
| Applicant | Adrienne Denese, M.D., P.C. 65 Sherwood Avenue Englewood Cliffs, NJ 07632 UNITED STATES | | |

## Goods/Services Affected by Opposition

Class 003. First Use: 2007/04/01 First Use In Commerce: 2007/04/01
All goods and services in the class are opposed, namely: Gel for cosmetic anti-wrinkle preparations;
Wrinkle removing skin care preparations; Cosmetics; Make-up

## Grounds for Opposition

| Priority and likelihood of confusion | Trademark Act section 2(d) |
|---|---|

## Marks Cited by Opposer as Basis for Opposition

| U.S. Registration No. | 780479 | Application Date | 11/29/1962 |
|---|---|---|---|
| Registration Date | 11/17/1964 | Foreign Priority Date | NONE |
| Word Mark | SKIN-SO-SOFT | | |
| Design Mark | | | |
| Description of | NONE | | |

| Mark | |
|---|---|
| Goods/Services | Class U051 (International Class 003). First use: First Use: 1962/05/06 First Use In Commerce: 1962/05/06<br>Bath Oil |

| U.S. Registration No. | 1748065 | Application Date | 06/19/1992 |
|---|---|---|---|
| Registration Date | 01/26/1993 | Foreign Priority Date | NONE |
| Word Mark | SKIN-SO-SOFT | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 1962/05/06 First Use In Commerce: 1962/05/06<br>bath oil, hand and body lotion, talc, bath and shower gel, and bath oil towelettes | | |

| U.S. Registration No. | 2267373 | Application Date | 08/27/1998 |
|---|---|---|---|
| Registration Date | 08/03/1999 | Foreign Priority Date | NONE |
| Word Mark | SKIN-SO-SOFT | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 1994/04/00 First Use In Commerce: 1994/04/00<br>Sun tan lotions, creams, gels and sunless tanning lotions | | |

| U.S. Registration No. | 2318318 | Application Date | 08/27/1998 |
|---|---|---|---|
| Registration Date | 02/15/2000 | Foreign Priority Date | NONE |
| Word Mark | SKIN-SO-SOFT | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 003. First use: First Use: 1998/07/00 First Use In Commerce: 1998/07/00<br>Anti-bacterial moisturizing liquid soap, anti-bacterial deodorizing body bar soap<br>Class 005. First use: First Use: 1998/07/00 First Use In Commerce: 1998/07/00<br>Anti-bacterial moisturizing hand gel and anti-bacterial moisturizing body wash | | |

| U.S. Registration No. | 2272317 | Application Date | 08/27/1998 |
|---|---|---|---|
| Registration Date | 08/24/1999 | Foreign Priority Date | NONE |
| Word Mark | SKIN-SO-SOFT | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 005. First use: First Use: 1997/04/00 First Use In Commerce: 1997/04/00 | | |

| | insect repellent with and without sunscreens and/or moisturizers; towelettes premoistened with insect repellant, with and without sunscreen and/or moisturizers |
|---|---|

| Attachments | 75543607#TMSN.gif ( 1 page )( bytes ) |
|---|---|
| | 75545043#TMSN.gif ( 1 page )( bytes ) |
| | skinso.PDF ( 5 pages )(391494 bytes ) |

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /Matthew D. Marcotte/ |
|---|---|
| Name | Matthew D. Marcotte |
| Date | 02/06/2008 |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

### NOTICE OF OPPOSITION

| | |
|---|---|
| **AVON PRODUCTS, INC.,**<br><br>Opposer,<br><br>v.<br><br>**ADRIENNE DENESE, M.D., P.C.**<br><br>Applicant. | **Opposition No.** |

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:

AVON PRODUCTS, INC., a New York corporation with a place of business at 1251 Avenue of the Americas, New York, New York 10020-1104 (hereinafter "Opposer") believes that it will be damaged by registration of the designation SKIN SO TIGHT for "Gel for cosmetic anti-wrinkle preparations; Wrinkle removing skin care preparations; Cosmetics; Make-up" in International Class 3 shown in application Serial No. 77/158,145 filed by ADRIENNE DENESE, M.D., P.C. (hereinafter "Applicant") and hereby opposes the same.

As grounds therefor, it is alleged that:

1.  Opposer is now and for many years past has, among other things, been engaged in distributorship and direct sales services, door-to-door retail merchandising, telephone shop at home services, mail order catalog sales, and interactive retail sales rendered by means of a global computer information network, all in the fields of beauty care, salon and spa services, housewares, clothing, toiletries, cosmetics, jewelry, gift items, collectibles, toys, personal care products, pre-recorded videos, audio tapes and compact discs throughout the United States and the world.

2.     Since at least as early as 1962, and long prior to the April 1, 2007 claimed first use date listed in the application herein opposed, Opposer adopted, has used and is using the trademark SKIN-SO-SOFT for a wide range of skin care preparations and related goods. Opposer has prior use in interstate commerce of the SKIN-SO-SOFT trademark for skin care preparations and related goods and since the adoption and first use of the SKIN-SO-SOFT trademark as aforesaid, Opposer has continuously used the SKIN-SO-SOFT trademark on and in connection with the production, advertising, promotion, distribution and sale of skin care preparations and related goods in interstate commerce in the United States.

3.     The SKIN-SO-SOFT trademark is now and ever since its first use as aforesaid has been applied to products, package materials, advertisements and product literature for the aforesaid skin care preparations and related goods. Products and materials so marked are now and for many years have been advertised and promoted, and widely shipped, distributed and sold in interstate commerce in the United States. The SKIN-SO-SOFT trademark has come to be and is famous and favorably known, and of great value to Opposer, and in the mind of the trade and public, identifies Opposer's goods and distinguishes them from the goods and services of others.

4.     Opposer is the owner of Registration No. 780,479 for SKIN-SO-SOFT for "Bath oil" issued November 17, 1964; Registration No. 1,748,065 for SKIN-SO-SOFT for "Bath oil, hand and body lotion, talc, bath and shower gel, and bath oil towelettes" issued January 26, 1993; Registration No. 2,267,373 for SKIN-SO-SOFT for "Sun tan lotions, creams, gels and sunless tanning lotions" issued August 3, 1999; Registration No. 2,318,318 for SKIN-SO-SOFT for "Anti-bacterial moisturizing liquid soap, anti-bacterial deodorizing body bar soap" and "Anti-bacterial moisturizing hand gel and anti-bacterial moisturizing body wash" issued February 15, 2000; and Registration No. 2,272,317 for SKIN-SO-SOFT for "Insect repellent

with and without sunscreens and/or moisturizers; towelettes premoistened with insect repellent, with and without sunscreen and/or moisturizers" issued August 24, 1999. Said registrations are valid and subsisting, unrevoked and uncancelled, and in full force and effect.

5.     By the application herein opposed, Applicant seeks to register the designation SKIN SO TIGHT for "Gel for cosmetic anti-wrinkle preparations; Wrinkle removing skin care preparations; Cosmetics; Make-up" in International Class 3.

6.     The designation SKIN SO TIGHT in application Serial No. 77/158,145 so resembles Opposer's previously used and registered SKIN-SO-SOFT trademark as to be likely, when used in connection with Applicant's goods, to cause confusion, to cause mistake and to deceive with consequent injury to Opposer and the public.

7.     Opposer will be damaged by the registration sought by Applicant because such registration would support and assist Applicant in the confusing and misleading use of Applicant's trademark and would give to Applicant color of exclusive statutory rights to such designation in violation and derogation of the prior and superior rights of Opposer.

WHEREFORE, Opposer believes that it would be damaged by registration of Applicant's mark and prays that it be denied.

Please recognize as attorneys for Opposer William R. Golden, Jr., Michelle M.

Graham and Matthew D. Marcotte (members of the Bar of the State of New York) and the firm

of Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178. Please address

all communications to Michelle M. Graham, Esq. of said firm and address.

Dated:    New York, New York
          February 6, 2008

                            KELLEY DRYE & WARREN LLP
                            Attorneys for Opposer
                            AVON PRODUCTS, INC.

                            By: _____

                            William R. Golden, Jr.
                            Michelle M. Graham
                            Matthew D. Marcotte
                            101 Park Avenue
                            New York, New York 10178
                            (212) 808-7800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing
NOTICE OF OPPOSITION has been served upon Applicant at the following address of record
by first class mail, postage prepaid, this 6th day of February 2008:

> Deborah A. Berlin
> Corporate Service Bureau, Inc.
> 283 Washington Ave.
> Albany NY 12206-3012

Matthew D. Marcotte

# EXHIBIT H

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed:  May 22, 2008

Opposition No. 91182280

Avon Products, Inc.

v.

Adrienne Denese, M.D., P.C.

On April 1, 2008, the Board sent a notice of default to applicant because no answer had been filed.

The record shows no response thereto.

Accordingly, judgment by default is hereby entered against applicant, the opposition is sustained, and registration to applicant is refused.  See Fed. R. Civ. P. 55, and Trademark Rule 2.106(a).

*By the Trademark Trial
and Appeal Board*