UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AVON PRODUCTS, INC.,

        Plaintiff,

v.

ADRIENNE DENESE, M.D., ADRIENNE
DENESE, M.D., P.C., SKINSCIENCE
MEDI SPA AT LGNY, INC., and
SKINSCIENCE LABS, INC.,

        Defendants.

Civil Action No. 08 CIV 5216

---

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

        Plaintiff AVON PRODUCTS, INC. (hereinafter "Avon" or "Plaintiff") filed its Complaint on June 6, 2008 against Defendants ADRIENNE DENESE, M.D. (hereinafter "Dr. Denese"), ADRIENNE DENESE, M.D., P.C. (hereinafter "ADPC"), SKINSCIENCE MEDI SPA AT LGNY, INC. (hereinafter "Skinscience Medi Spa") and SKINSCIENCE LABS, INC. (hereinafter "Skinscience Labs")(hereinafter collectively "Defendants"). The Complaint asserted claims against Defendants for (i) infringement of federally registered trademarks in violation of Section 32(1) of the Trademark Act of 1946 (15 U.S.C. § 1051, *et seq.*, as amended (the "Lanham Act")), 15 U.S.C. § 1114(1); (ii) unfair competition, trademark infringement and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) injury to business reputation and dilution in violation of New York General Business Law § 360-l; (iv) deceptive acts and business practices in violation of New York General Business Law § 349; and (v) substantial and related claims of trademark infringement and unfair competition under the common law of the State of New York. Dr. Denese was properly served with the Summons and

Complaint on June 9, 2008; Skinscience Medi Spa was properly served with the Summons and Complaint on June 9, 2008; and Skinscience Labs was properly served with the Summons and Complaint on June 9, 2008.

Defendants now stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree therein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDERED, ADJUDGED AND DECREED:

1. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b) as it involves substantial claims arising under the Lanham Act, and also has supplemental jurisdiction under 28 U.S.C. § 1367 over the substantial and related claims for common law trademark infringement and unfair competition. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) as Defendants may be found or transact affairs in this District, and the claims asserted in the Complaint arose and are continuing to occur within this District and elsewhere.

2. Defendants acknowledge Avon's ownership of all right, title and interest in and to, and the validity of Avon's family of SKIN-SO-SOFT trademarks worldwide, and the validity of its trademark registrations therefore worldwide, including, but not limited to:

- Reg. No. 780,479 for the mark SKIN-SO-SOFT for "Bath oil" which issued in 1964;

- Reg. No. 1,748,065 for the mark SKIN-SO-SOFT for "Bath oil, hand and body lotion, talc, bath and shower gel, and bath oil towelettes" in International Class 3, which issued in 1993;

- Reg. No. 2,267,373 for the mark SKIN-SO-SOFT for "Sun tan lotions, creams, gels and sunless tanning lotions" in International Class 3, which issued in 1999;

- Reg. No. 2,318,318 for the mark SKIN-SO-SOFT for "Anti-bacterial moisturizing liquid soap, anti-bacterial deodorizing body bar soap" and "Anti-bacterial moisturizing hand gel and anti-bacterial moisturizing body wash" in International Class 3, which issued in 2000; and

- Reg. No. 2,272,317 for the mark SKIN-SO-SOFT for "Insect repellent with and without sunscreens and/or moisturizers; towelettes premoistened with insect repellent, with and without sunscreen and/or moisturizers" in International Class 3, which issued in 1999.

3. As between the parties, Defendants further acknowledge Avon's ownership of all right, title and interest in and to, and the validity of Avon's registrations and applications for its SKIN-SO-SOFT family of trademarks throughout the world. (Without limitation as to Avon's rights, a list of jurisdictions in which Avon owns registrations and/or pending applications for its SKIN-SO-SOFT family of trademarks is attached hereto as Exhibit 1).

4. Defendants further acknowledge that as a result of Avon's extensive use, advertising, promotion and exposure of its SKIN-SO-SOFT trademarks on and in connection with skin care, sun tanning and insect repellent products, and related personal care products, and through the extensive distribution and sale of those goods under the SKIN-SO-SOFT mark, the SKIN-SO-SOFT mark has become famous in the United States and throughout the world.

5. Defendants further acknowledge that by adopting and using the designation "SKIN SO TIGHT" on skin care products and in the advertising, promotion and offering for sale and selling those goods, with knowledge of Avon's prior and superior rights in and to the SKIN-SO-SOFT trademark, they have infringed Avon's SKIN-SO-SOFT trademarks and the above-identified federal trademark registrations.

6. Defendants and their directors, officers, agents, servants, employees, corporate parents, subsidiaries, affiliates, related companies, successors and assigns and all persons or entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from:

(a)     using the designations "SKIN SO", "SO SOFT", "SKIN-SO-SOFT" or "SKIN SO TIGHT", alone or in combination with any other words, devices, or symbols in any commercial manner whatsoever, including, but not limited to, use as a trademark, service mark, style designation, grade mark or domain name, on or in connection with goods or services of any kind or nature whatsoever that are advertised, offered for sale, or sold in commerce in the United States or elsewhere in the world;

(b)     using any other designation so similar to Avon's SKIN-SO-SOFT family of marks as a trade name, trademark, service mark, style designation, grade mark or domain name, on or in connection with the advertising, offering for sale or sale of any product or service as to be likely to cause confusion, mistake or deception in the United States or elsewhere in the world;

(c)     doing any other act or thing calculated or likely to dilute, tarnish or otherwise diminish the distinctive quality of Avon's famous SKIN-SO-SOFT trademark in the United States or elsewhere in the world; and

(d)     otherwise unfairly competing with Avon in the United States and elsewhere in the world by doing any other act or thing calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive purchasers into the belief that Defendants' goods are Avon's goods or are approved or sponsored by Avon or that Defendants or Defendants' business are Avon or Avon's business or are approved by, sponsored by or affiliated or connected with Avon, or to otherwise injure the business reputation of Avon.

7.      Defendants are ordered to destroy all materials, boxes, packaging, labels, tags, pamphlets, brochures, signage, sales literature, stationery, advertisements, contracts, and any other written or printed material in their possession, custody or control bearing the

designation "SKIN SO TIGHT" or any other designation confusingly similar to Avon's SKIN-SO-SOFT trademark, including all plates, molds, and other means of making the aforesaid products and printed materials and any software for Defendants' website(s), if applicable, and Defendants are ordered to deliver up to Avon a declaration certifying that they have complied with the terms of this paragraph, as provided by Paragraph 9 below.

8. Defendants are ordered to withdraw with prejudice any and all trademark applications and/or cancel any and all trademark registrations for the designation "SKIN SO TIGHT", or any other designation confusingly similar to Avon's SKIN-SO-SOFT trademark, filed with the trademark offices of any jurisdiction anywhere in the world.

9. Within thirty (30) days after the entry of this Consent Judgment and Permanent Injunction, Defendants shall file with the Court and serve on Avon's counsel a signed declaration in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of this Consent Judgment and Permanent Injunction, including, but not limited to, the identification of all distributors of Defendants' products and the actions taken by Defendants to notify those distributors in order to comply with the terms of this Consent Judgment and Permanent Injunction.

10. If Defendants breach any term of this Consent Judgment and Permanent Injunction or the Settlement Agreement, Defendants shall pay to Avon $100,000.00 in liquidated damages. Defendants shall also pay Avon's reasonable attorneys' fees and costs in connection with any future enforcement efforts undertaken by Avon anywhere in the world to secure Defendants' compliance with this Consent Judgment and Permanent Injunction.

11. Defendants release Plaintiff and its officers, directors, employees and agents from any and all claims by Defendants.

12. This Court shall retain jurisdiction over this action for purposes of construing, modifying, and enforcing the terms contained in this Consent Judgment and Permanent Injunction, and for punishing violations thereof.

13. Judgment is hereby entered in favor of Avon on all counts of its Complaint.

**IT IS SO ORDERED.**

Dated: 9\13\08

_____
United States District Judge

CONSENTED TO:

KELLEY DRYE & WARREN LLP

By: _____
William R. Golden, Jr. (WG-9406)
Michelle M. Graham (MG-2506)
Matthew D. Marcotte (MM-1530)
101 Park Avenue
New York, New York 10178
(212) 808-7800

Attorneys for Plaintiff Avon Products, Inc.

GREENBERG, TRAGER & HERBST LLP

By: _____
Laurie A. Stanziale (LS 9033)
767 Third Avenue, 12th Floor
New York, New York 10017

Attorneys for Defendants
Adrienne Denese, M.D., Adrienne Denese, M.D., P.C., Skinscience Medi Spa at LGNY, Inc. and Skinscience Labs, Inc.

6

Argentina
ARIPO
Azerbaijan
Belarus
Benelux
Bosnia-Herzegovina
Brazil
Bulgaria
Canada
Chile
China
Colombia
Costa Rica
Croatia
Czech Republic
Dominican Republic
Ecuador
Egypt
El Salvador
Estonia
Finland
France
Greece
Guatemala
Honduras
Hungary
India
Indonesia
Iraq
Israel
Italy
Japan
Kazakhstan
Kenya
Korea (South)
Kyrgyzstan
Latvia
Lesotho
Liberia

Liechtenstein
Lithuania
Macedonia
Malaysia
Mexico
Moldova
Monaco
Mongolia
Morocco
Mozambique
Namibia
New Zealand
Nicaragua
Nigeria
Panama
Paraguay
Peru
Philippines
Poland
Portugal
Romania
Russian Federation
San Marino
Sierra Leone
Singapore
Slovakia
Slovenia
South Africa
Spain
Sweden
Switzerland
Syria
Tajikistan
Thailand
Turkey
Turkmenistan
Ukraine
United Kingdom
United States of America
Uzbekistan

Venezuela
Vietnam
Yugoslavia
WIPO

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:            (        )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
_____X
                                     |
                                     |       NOTICE OF APPEAL
                                     |
         -V-                         |
                                     |
                                     |       civ.        (    )
                                     |
_____X
```

Notice is hereby given that _____
                                              (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____, _____.
                               (day)        (month)           (year)

_____
         (Signature)

_____
         (Address)

_____
   (City, State and Zip Code)

Date: _____     ( ) _____-_____
                              (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

# United States District Court
## Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------------X
                                           |
                                           |    MOTION FOR EXTENSION OF TIME
                                           |    TO FILE A NOTICE OF APPEAL
          -V-                              |
                                           |
                                           |        civ.         (   )
                                           |
-------------------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                              (party)

requests leave to file the within notice of appeal out of time. _____
                                                                      (party)

desires to appeal the judgment in this action entered on _____ but failed to file a
                                                              (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]




_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____        (    )_____-_____
                                         (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be <u>received</u> in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

<u>APPEAL FORMS</u>
Docket Support Unit

Revised: April 9, 2006

FORM 2

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------X
                                    |
                                    |        NOTICE OF APPEAL
                                    |              AND
       -V-                          |   MOTION FOR EXTENSION OF TIME
                                    |
                                    |       civ.        (    )
                                    |
------------------------------------X
```

1. Notice is hereby given that _____ hereby appeals to
                                              (party)
the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
                [Give a description of the judgment]

2. In the event that this form was not received in the Clerk's office within the required time
_____ respectfully requests the court to grant an extension of time in
            (party)
accordance with Fed. R. App. P. 4(a)(5).

   a. In support of this request, _____ states that
                                              (party)
this Court's judgment was received on _____ and that this form was mailed to the
                                          (date)
court on _____ .
            (date)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____    ( ) _____ - _____
                              (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS
Docket Support Unit                                    Revised: April 9, 2006

FORM 3

# United States District Court
## Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------X
                                    |
                                    |
                                    |        **AFFIRMATION OF SERVICE**
                                    |
            -V-                     |
                                    |        civ.        (    )
                                    |
                                    |
------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
New York, New York

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

**APPEAL FORMS**
Docket Support Unit

Revised: April 9, 2006